# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GREATER KANSAS CITY LABORERS PENSION FUND, a Trust Fund, REGINALD L. THOMAS AND DONALD E. GREENWELL, III, TRUSTEES OF THE GREATER KANSAS CITY LABORERS PENSION FUND, GREATER KANSAS CITY LABORERS WELFARE FUND, a Trust Fund, REGINALD L. THOMAS AND DONALD E. GREENWELL, III, TRUSTEES OF THE GREATER KANSAS CITY LABORERS WELFARE FUND, A TRUST FUND, GREATER KANSAS CITY LABORERS VACATION PLAN, a Trust Fund, REGINALD L. THOMAS AND DONALD E. GREENWELL, III, TRUSTEES OF THE GREATER KANSAS CITY LABORERS VACATION PLAN, GREATER KANSAS CITY LABORERS TRAINING FUND, a Trust Fund, REGINALD L. THOMAS AND DR. RICHARD BRUCE, III, TRUSTEES OF THE GREATER KANSAS CITY LABORERS TRAINING FUND, <br><br>           Plaintiffs,<br><br>v.<br><br>BRANDSAFWAY SERVICES, LLC formerly d/b/a SAFWAY SERVICES, LLC,<br><br>           Defendant. | Case No. 4:20-cv-000001-GAF |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

COMES NOW Defendant BrandSafway Services, LLC ("Defendant"), and for its answer to Plaintiff's Complaint states as follows:

## COUNT I

1. This action arises under and jurisdiction is founded on Section 502 and Section 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. § 1132 and 29 U.S.C. § 1145.

**ANSWER: Defendant admits the Complaint attempts to set forth claims under ERISA. Defendant denies liability under any of Plaintiffs' theories, and denies the factual allegations related to the same except as specifically admitted herein. Defendant denies the remaining allegations in Paragraph 1 of Count I of the Complaint.**

2. Plaintiffs, Reginald L. Thomas and Donald E. Greenwell, III, are duly appointed and acting Trustees of the Greater Kansas City Laborers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Greater Kansas City Laborers Pension Fund; Plaintiff, Greater Kansas City Laborers Pension Fund (hereinafter referred to as "Plaintiff Fund"), is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. § 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. § 1003.

**ANSWER: The allegations in Paragraph 2 of Count I of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 2 of Count I of the Complaint, and therefore denies the same.**

3. Said Plaintiff Fund was established on April 24, 1965, pursuant to the collective bargaining agreement entered into between the Builders Association of Missouri (hereinafter referred to as "Association") and Laborers Local Unions Nos. 264, No. 555, and 1290 of the Greater Kansas City Laborers District Council (now the Western Missouri and Kansas Laborers

District Council) of the Laborers International Union of North America; that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

**ANSWER: The allegations in Paragraph 3 of Count I of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 3 of Count I of the Complaint, and therefore denies the same.**

4. The situs of the Plaintiff Fund is the City of Kansas City, Missouri, and all questions pertaining to the validity, construction and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws.

**ANSWER: The allegations in Paragraph 4 of Count I of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 4 of Count I of the Complaint, and therefore denies the same.**

5. Plaintiffs have served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h) by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in Paragraph 5 of Count I of the Complaint, and therefore denies the same.**

6. Defendant BrandSafway Services, LLC formerly d/b/a Safway Services, LLC is a Delaware limited liability company doing business in the States of Missouri and Kansas and

particularly in the Western District of Missouri, and at all times material herein employed laborers performing work covered by the collective bargaining agreements herein mentioned.

**ANSWER: Defendant admits the allegations in Paragraph 6 of Count I of the Complaint.**

7. In the ordinary course of business, Defendant annually engages in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. § 151, and 29 U.S.C. § 185.

**ANSWER: The allegations in Paragraph 7 of Count I of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits it is engaged in interstate commerce. Defendant denies the remaining allegations in Paragraph 7 of Count I of the Complaint.**

8. Defendant, at all times material to the within complaint, had assigned its bargaining rights to the association with respect to the collective bargaining agreement between the Builders' Association and the Western Missouri and Kansas Laborers District Council; and agreed to be bound by the terms and conditions of collective bargaining agreements then in effect and that would subsequently be in effect between the Association and the Western Missouri and Kansas Laborers District Council; that Defendant is thereby bound by all collective bargaining agreements in effect on said date and subsequent thereto.

**ANSWER: The allegations in Paragraph 8 of Count I of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 8 of Count I of the Complaint.**

9. Laborer employees of the Defendant were employed under the terms of the collective bargaining agreements referenced above under the terms of which Defendant agreed, among other things, to pay and contribute to Plaintiff Fund various sums per hour for each employee covered by and subject to said agreements; and to submit written reports within ten days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant.

**ANSWER: Defendant states the applicable collective bargaining agreement speaks for itself. Defendant denies the remaining allegations in Paragraph 9 of Count I of the Complaint.**

10. Under the agreements hereinabove mentioned, Defendant likewise agreed, among other things, to be bound by the terms and provisions of the Trust Agreement, as amended, under which the said Plaintiff Fund is administered and to allow an official agent of the Board of Trustees of said Plaintiff Fund, upon request, during regular business hours, to inspect and make copies of any and all records of Defendant pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and other records relevant to and of assistance in determining whether Defendant's obligations under said agreements to make payments to said Plaintiff Fund have been faithfully performed.

**ANSWER: Defendant states the applicable collective bargaining agreement speaks for itself. Defendant denies the remaining allegations in Paragraph 10 of Count I of the Complaint.**

11. An audit of Defendant's books and records for the period **January 1, 2014 to December 31, 2016**, shows that Defendant owes Plaintiffs **TWO HUNDRED SIXTY-FOUR THOUSAND, FIVE HUNDRED THIRTY-NINE AND 22/100 ($264,539.22) DOLLARS** in unpaid fringe benefit contributions, **FIFTY-TWO THOUSAND, NINE HUNDRED SEVEN AND 89/100 ($52,907.89) DOLLARS** as and for liquidated damages and **FORTY-SIX THOUSAND, EIGHT HUNDRED SEVENTY-THREE AND 27/100 ($46,873.27) DOLLARS** as and for interest.

**ANSWER: Defendant denies the allegations in Paragraph 11 of Count I of the Complaint.**

12. The collective bargaining agreements and Trust Agreement, as amended, and hereinabove mentioned likewise provide that, if payment of sums due said Plaintiff Fund therein mentioned are made later than the time required, the Board of Trustees may impose on the employer liquidated damages, interest, audit costs, and reasonable attorneys' fees and Court costs incurred to enforce payments from an employer in default.

**ANSWER: Defendant states the applicable collective bargaining agreement speaks for itself. Defendant denies the remaining allegations in Paragraph 12 of Count I of the Complaint.**

13. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically

perform all obligations on Defendant's part required to be performed under the collective bargaining agreements and Trust Agreements, as amended, and herein referred to.

**ANSWER:  The allegations in Paragraph 13 of Count I of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 13 of Count I of the Complaint.**

14. Defendant is required by Section 515 of ERISA, 29 U.S.C. § 1145 to make fringe benefit contributions to Plaintiffs pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreement, as amended; and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Fund to enforce said Defendant's obligations under Section 515 of ERISA.

**ANSWER:  The allegations in Paragraph 14 of Count I of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 14 of Count I of the Complaint.**

15. That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

**ANSWER:  The allegations in Paragraph 15 of Count I of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 15 of Count I of the Complaint.**

# COUNT II

1. Plaintiffs, Reginald L. Thomas and Donald E. Greenwell, III, are duly appointed and acting Trustees of the Greater Kansas City Laborers Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Greater Kansas City Laborers Welfare Fund; Plaintiff Greater Kansas City Laborers Welfare Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. § 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. § 1002.

**ANSWER: The allegations in Paragraph 1 of Count II of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 1 of Count II of the Complaint, and therefore denies the same.**

2. Said Plaintiff Fund was established on April 1, 1962, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and Laborers Local Unions Nos. 264 and 1290 of the Greater Kansas City Laborers District Council (now the Western Missouri and Kansas Laborers District Council) of the Laborers International Union of North America; that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

**ANSWER: The allegations in Paragraph 2 of Count II of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required,**

**Defendant is without sufficient information to admit or deny the allegations in Paragraph 2 of Count II of the Complaint, and therefore denies the same.**

3. An audit of Defendant's books and records for the period **January 1, 2014 to December 31, 2016**, shows that Defendant owes Plaintiffs **TWO HUNDRED SIXTY-FOUR THOUSAND, NINE HUNDRED FORTY-FOUR AND 24/100 ($264,944.24) DOLLARS** in unpaid fringe benefit contributions, **FIFTY-TWO THOUSAND, NINE HUNDRED EIGHTY-EIGHT AND 87/100 ($52,988.87) DOLLARS** as and for liquidated damages and **FORTY-SEVEN THOUSAND, NINETY-FIVE AND 32/100 ($47,095.32) DOLLARS** as and for interest.

**ANSWER: Defendant denies the allegations in Paragraph 3 of Count II of the Complaint.**

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Twelve (12), Thirteen (13), Fourteen (14) and Fifteen (15) of Count I of the within Complaint.

**ANSWER: Defendant adopts and incorporates its answers and responses to all prior paragraphs as though fully set forth herein.**

### COUNT III

1. Plaintiffs, Reginald L. Thomas and Donald E. Greenwell, III, are duly appointed and acting Trustees of the Greater Kansas City Laborers Vacation Plan who are authorized to maintain this action on behalf of the Vacation Plan and all the Trustees of the Greater Kansas City Laborers Vacation Plan; Plaintiff Greater Kansas City Laborers Vacation Plan (hereinafter referred to as "Plaintiff Plan") is a trust fund existing and established pursuant to the Labor Management

Relations Act, as amended, Section 302, 29 U.S.C. § 186; that said Plaintiff Plan is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. § 1002.

**ANSWER: The allegations in Paragraph 1 of Count III of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 1 of Count III of the Complaint, and therefore denies the same.**

2. Said Plaintiff Plan was established on November 21, 1973, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and Laborers Local Unions Nos. 264 and 1290 of the Greater Kansas City Laborers District Council (now the Western Missouri and Kansas Laborers District Council) of the Laborers International Union of North America; that the Trust Agreement establishing the Plaintiff Plan was amended and revised effective January 1, 1976.

**ANSWER: The allegations in Paragraph 2 of Count III of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 2 of Count III of the Complaint, and therefore denies the same.**

3. An audit of Defendant's books and records for the period **January 1, 2014 to December 31, 2016**, shows that Defendant owes Plaintiffs **FIFTY-TWO THOUSAND, FOUR HUNDRED TWENTY-FOUR AND 46/100 ($52,424.46) DOLLARS** in unpaid fringe benefit contributions, **TEN THOUSAND, FOUR HUNDRED EIGHTY-FOUR AND 90/100 ($10,484.90) DOLLARS** as and for liquidated damages and **NINE THOUSAND, THREE HUNDRED THIRTY-THREE AND 56/100 ($9,333.56) DOLLARS** as and for interest.

**ANSWER: Defendant denies the allegations in Paragraph 3 of Count III of the Complaint.**

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Twelve (12), Thirteen (13), Fourteen (14) and Fifteen (15) of Count I of the within Complaint.

**ANSWER: Defendant adopts and incorporates its answers and responses to all prior paragraphs as though fully set forth herein.**

## COUNT IV

1. Plaintiffs, Reginald L. Thomas and Dr. Richard Bruce, are duly appointed and acting Trustees of the Greater Kansas City Laborers Training Fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Greater Kansas City Laborers Training Fund; Plaintiff Greater Kansas City Laborers Training Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. § 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. § 1002.

**ANSWER: The allegations in Paragraph 1 of Count IV of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 1 of Count IV of the Complaint, and therefore denies the same.**

2. Said Plaintiff Fund was established on October 1, 1974, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and Laborers Local Unions Nos. 264 and 1290 of the Greater Kansas City Laborers District Council (now the Western Missouri and Kansas Laborers District Council) of the Laborers

International Union of North America; that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

**ANSWER: The allegations in Paragraph 2 of Count IV of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 2 of Count IV of the Complaint, and therefore denies the same.**

3. An audit of Defendant's books and records for the period **January 1, 2014 to December 31, 2016**, shows that Defendant owes Plaintiffs **TWENTY-THREE THOUSAND, TWO HUNDRED NINETY-EIGHT AND 43/100 ($23,298.43) DOLLARS** in unpaid fringe benefit contributions, **FOUR THOUSAND, SIX HUNDRED FIFTY-NINE AND 75/100 ($4,659.75) DOLLARS** as and for liquidated damages and **FOUR THOUSAND, ONE HUNDRED FOUR AND 04/100 ($4,104.04) DOLLARS** as and for interest.

**ANSWER: Defendant denies the allegations in Paragraph 3 of Count IV of the Complaint.**

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Twelve (12), Thirteen (13), Fourteen (14) and Fifteen (15) of Count I of the within Complaint.

**ANSWER: Defendant adopts and incorporates its answers and responses to all prior paragraphs as though fully set forth herein.**

## DEFENDANT'S GENERAL DENIAL

To the extent not expressly admitted herein, Defendant denies all allegations contained in the Complaint.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden on proof that by law is not otherwise Defendant's, Defendant asserts the following affirmative and other defenses:

1. Some or all Counts of Plaintiff's Complaint against Defendant fail to state a claim or cause of action for which relief may be granted.

2. Some or all of Plaintiff's claims against Defendant may be barred by the applicable statute of limitations for any actions that occurred outside the relevant time.

3. Defendant's claim is preempted or otherwise barred by applicable law.

4. The underlying accounting on which Plaintiffs' claims are based are flawed, inaccurate, or otherwise incorrect.

5. The underlying accounting on which Plaintiffs' claims are based attempts to include persons within the bargaining unit who are actually outside the bargaining unit. Similarly, Plaintiffs have double counted, or otherwise miscounted certain bargaining members further leading to an inaccurate accounting.

6. Some or all Counts of Plaintiff's Complaint against Defendant are barred because Defendant's actions were made in good faith and with reasonable grounds to believe their conduct was in full compliance with the relevant laws.

7. Plaintiff is not entitled to liquidated damages, interest, attorneys' fees, or costs.

8. Some or all of the alleged damages suffered by Plaintiff are the result of Plaintiff's own actions and not a result of any actions of Defendant.

9. Defendant reserves the right to amend its answer to add defenses which may become known during the course of this action.

WHEREFORE, Defendant requests that the Court dismiss Plaintiff's Complaint with prejudice, enter judgment in Defendant's favor, award Defendant its attorney's fees and costs, and for any further relief the Court deems just and proper.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Daniel P. Johnson
Daniel P. Johnson    MO #68966
4520 Main Street, Suite 400
Kansas City, MO 64111
816-471-1301
816-471-1303 (*Facsimile*)
daniel.johnson@ogletree.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 28th day of January, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Bradley J. Sollars    MO #54931
Aaron D. Schuster    MO #68672
ARNOLD, NEWBOLD, SOLLARS & HOLLINS, P.C.
1100 Main Street, Suite 2001
Kansas City, MO 64105
816-421-5788
816-471-5574 (*Facsimile*)
bjsollars@a-nlaw.com
adschuster@a-nlaw.com

**ATTORNEYS FOR PLAINTIFFS**

/s/ Daniel P. Johnson
**ATTORNEY FOR DEFENDANT**

41540315.1